BAPTISTE DE BENEDETTI *v.* HERMAN MAUCHIN and others.

As a general rule, the admission of one defendant in tort is not admissible against his co-defendants, where the action is for the negligence of one of the defendants; *e. g.*, against master and servant for the negligence of the servant.

But such admission is competent against the defendant making it; and it may be proven if a part of *res gestæ*.

And where the subject matter of the admission is afterwards clearly proved by independent testimony, the judgment will not be reversed, because proof of the admission was received.

Where, in an action for personal injuries, which incapacitated plaintiff from pursu-

De Benedetti v. Mauchin.

ing his business, a witness for plaintiff was asked what amounts other persons in the same employment usually earned, and he named several sums, adding that the plaintiff earned the same amount. *Held*, that the evidence of the earnings of other persons, though improper, could not have done harm, there being positive testimony to the individual earnings of plaintiff.

In an action for injuries occurring through negligence, the burden of proof is on the defendant to show that the plaintiff was himself guilty of such neglect as would prevent his recovery, by reason of his contributing to the injury complained of.

In an action brought against a master and servant, to recover for injuries caused by the negligent act of the servant while engaged in the master's business. *Held*, that a refusal of the justice, to charge that the plaintiff must show that the accident was occasioned by the negligence of the servant, was erroneous.

APPEAL from a judgment of the Marine Court. This action was brought to recover damages for injuries sustained by plaintiff through the alleged negligent driving of a cart by defendant's servant. The facts were, substantially, that the plaintiff was an organ grinder; and on the 30th of March, 1855, was crossing the street, Park row, carrying his organ on his back, at a moment when the cart in question was coming down the street, from Center street. The cart and horses were owned by the defendants, Boscher and Middendorf, and were driven by the defendant, Mauchin, who was in their employ. The plaintiff was run over by the cart, his ribs were fractured, and his organ also was considerably damaged.

On the trial, the first witness called for the plaintiff was a police officer, one Cushing, who arrived at the spot almost immediately after the accident happened. He testified that on arriving he found plaintiff lying on the sidewalk, and Mauchin standing on a cart. He spoke to Mauchin about the accident, and Mauchin replied that " he could not help it, he could not avoid running over him." The counsel for Mauchin's employers, Boscher and Middendorf, objected to the reception of this evidence against them, but the objection was overruled. The circumstances of the accident were afterwards described by persons who were eye-witnesses of it, and were called on behalf of plaintiff. They testified to many details, which were relied on by plaintiff, as showing negligence on the part of the driver.

A witness called for the plaintiff, on the question of damages, was asked "what organ grinders could earn." Defendants' counsel objected, but the justice allowed the question. The witness replied "that they could earn ten or twelve shillings, sometimes two dollars per day; that plaintiff earned that amount."

The plaintiff having rested, defendants moved for a dismissal of the complaint, on the grounds: 1. That plaintiff had not shown himself to be free from negligence. 2. That no negligence had been shown on defendants' part. This motion was denied.

After the evidence on both sides was closed, the defendants requested the justice to charge the jury, among other things, "that plaintiff must show that the accident was caused by the negligence of the defendant, Mauchin." This the justice refused.

The jury found a verdict in favor of plaintiff for $250. Judgment having been rendered for that amount, the defendants appealed.

*Benjamin T. Kissam*, for the appellants.

I. In actions of tort, the admission of one defendant cannot be used against the other defendants; and the testimony of Cushing, as to what Mauchin said to him after the occurrence, should have been received as evidence against Mauchin only. 1 Phillips Ev. (3d ed.), 378; *Daniels* v. *Potter*, 4 Carr. & P. 375.

II. The plaintiff cannot recover what other persons might earn. This would be no basis on which to calculate the plaintiff's earnings. One man is more industrious than another; one may possess a better instrument. It was error, therefore, to admit evidence of the earnings of other organ grinders.

III. The motion for a dismissal of the complaint should have been granted. *Haring* v. *The New York and Erie Railroad Company*, 13 Barb. 9.

IV. The justice should have instructed the jury as requested by the defendants' counsel. *Spencer* v. *The Utica and Saratoga*

*Railroad Company*, 5 Barb. 337 ; *Brand* v. *The Troy and Sara-toga Railroad Company*, 8 id. 382; *Haring* v. *The New York and Erie Railroad Company*, 13 id. 9 ; *Barner* v. *Cole*, 21 Wend. 188.

*Henry H. Morange*, for the respondent.

I. The testimony of Cushing as to what Mauchin said was admissible as against all the defendants. Mauchin was in the employ, and driving the horses and wagon of Boscher and Middendorf, the other defendants, at the time of the commission of the acts complained of. He was their agent. The injury was, moreover, occasioned by the negligence and want of skill of the servant; and a joint action lies, therefore, against the masters and servant. They are all guilty of the same negligence at the same time, and under the same circumstances; the servant, in fact, and the masters constructively by the servant, their agent. In this view of the case also, the testimony was admissible. 19 Wend. 343. Again, the admission was made at the time of the commission of the wrongful act, and was on that ground competent. 1 Phillips Ev. 94.

II. The testimony, as to the earnings per day of organ grinders generally, was competent. The statement of the witness, on this point, might properly be taken into consideration, after proof of the time during which plaintiff was actually confined to his room, in estimating the damages.

III. The motion for a dismissal of the complaint was properly denied. Negligence is a mixed question of law and fact, and must be submitted to the jury. 14 Johns. 304.

IV. The judge's charge, given prior to the request made by defendant, embraced all that was necessary to be stated of the law governing the case. There was ample evidence of gross, if not wilful negligence on the part of Mauchin.

INGRAHAM, FIRST JUDGE.—Upon the trial of this action in the court below, the declaration of one of the defendants who was driving the cart, by which the plaintiff was injured, was admitted in evidence. The other defendants objected to it as not being admissible against them.

That admissions made by one tort feasor are not evidence against others joined in the same action, where the cause of action is the negligence of one or more of the parties; is settled by repeated decisions. See 2 Cowen & Hill's Notes, 165, and cases there cited. But for several reasons this evidence could not have been excluded.

1st. It was admissible against the defendant making it.

2d. It was rather a part of the *res gestæ* than an admission made subsequently, and as such was properly received.

3d. It was rather an excuse for the act, so far as the party was concerned, and not evidence to charge others.

And even if the testimony was subject to the objection, it became immaterial, because the whole transaction was proven by an eye-witness. The fact of the injury, and the mode of it was, it appears, proven by other testimony, which was not subject to any objection.

The evidence, as to what sums other organ grinders might earn, was not proper to prove the value of plaintiff's labors, but it could do no harm, because the same witness added that the plaintiff earned the same amount.

There would have been no propriety in the court granting the motion to dismiss the complaint. It was not incumbent on the plaintiff to prove that he did not commit any act of negligence on his part. If none appears in the evidence, the presumption is in his favor, and the defendant must show such negligence to relieve himself from the consequence of his negligent acts.

As the plaintiff's case was submitted, there was no such proof of negligence on the part of the plaintiff, and the conduct of the defendant, who was driving, was such as to warrant the inference that there was was negligence on his part.

But the court erred in refusing to charge the jury as requested at the 2d request in the return, viz.: that plaintiff must show that the accident was occasioned by the negligence of the defendant, Mauchin. The whole theory of this action, by which the other defendants were sought to be charged for Mauchin's acts is, that they employed a servant who, while in their em-

ploy, was guilty of so much negligence as to do injury to the plaintiff. Unless the jury found that the injury was produced by such negligence, a judgment could not properly be rendered against them. And even Mauchin, who was driving, was not responsible if his conduct was not wilful or negligent. The justice should have charged upon this point as requested, and his refusal to do so took from the jury the only question in the case on which there was any doubt.

Judgment reversed.